CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN HUFFMAN,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00445<br>) |
| v. | ) **OPINION**<br>) |
| **DR. AMIT SHAH, et al.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | ) |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, Jullian Huffman, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants refused to continue prescribing Wellbutrin for his depression and substance use disorder. Huffman has not prepaid the necessary filing costs to proceed with a civil rights action and, by filing a prisoner trust account report, statement of assets, and consent to fee, impliedly requests in forma pauperis status under 28 U.S.C. 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through

prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

Huffman has filed more than sixty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Huffman v. McAfee*, No. 7:24CV00640 (W.D. Va. Nov. 18, 2024) (dismissed under 28 § 1915(e)(2)(B) as frivolous); *Huffman v. Fuller*, No. 7:24CV00438 (W.D. Va Oct. 30, 2024) (dismissed under 42 § 1997e(c)(1) as frivolous); *Huffman v. Poole*, No. 7:24CV00384; (W.D. Va. Oct. 24, 2024) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim). Accordingly, Huffman may only proceed without prepayment of the filing fee if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to the "three strikes rule" is "'essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.

2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct")).

Furthermore, a plaintiff's disagreement with prescribed medical treatment does not constitute imminent danger of serious physical harm. *See Renior v. Fleming*, No. 7:15CV00026, 2015 WL 1800441, at *3 (W.D. Va. Apr. 16, 2015) (determining that "where a three-striker inmate's allegations reflect that he has had access to medical care and simply disagrees with the opinions of the medical personnel who have examined him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g)"); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a §1983 claim unless exceptional circumstances are alleged.").

Here, Huffman claims that

> Dr. Amit Shah, the Psychiatrist, with Wexford Health Sources, Inc on 7-02-25 didn't continue my Welbutrin [sic], he claims that it was prescribed for substance use! Originally and officially, it was prescribed for depression & substance use disorder through Klinic Care in Huntington, PA. I made mental health aware that it was not only prescribed for substance use.

Pl.'s Compl. 2–3, Dkt. No. 1.  As relief, Huffman requests that he "continue receiving [his] Wellbutrin for [his] mental health and for [his] substance use disorder." *Id.* at 4.

Huffman has failed to establish that he is facing any imminent danger of physical injury because he has not pled any facts demonstrating a real or proximate threat of harm.  Rather, he has asserted a disagreement with the psychiatrist's decision not to continue prescribing Wellbutrin, without describing any specific imminent serious physical injury.  *See Holley*, 134 F.4th at 146–47 (emphasizing the necessity for specificity of a plaintiff's allegations in order to survive dismissal under § 1915(g)).

For the stated reasons, I cannot find that Huffman is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g).  Therefore, I must deny his application to proceed in forma pauperis under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: March 2, 2026

/s/ JAMES P. JONES
Senior United States District Judge